IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albarr-Ali Abdullah, ) | |
| ) | C/A No. 2:08-3085-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Director Jonathan Ozmint, Warden NFN ) | |
| Cohen, Ms. Montouth, Ms. Mixon, Ms. ) | |
| Gornsey, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Albarr-Ali Abdullah is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at the Kershaw Correctional Institution in Kershaw, South Carolina. Plaintiff, proceeding pro se, filed a complaint on September 10, 2008, asserting that his constitutional rights had been violated in various respects and demanding damages in the amount of $1 million. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On March 5, 2010, the Magistrate Judge issued a Report and Recommendation in which he noted that Defendants had filed a motion to dismiss on December 21, 2009, and that, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff had been advised of the dismissal procedures and the possible consequences of failing to respond adequately. Plaintiff did not respond to the motion to dismiss. The Magistrate Judge further noted that he issued a second order on February 8, 2010, in which he granted Plaintiff an additional ten days to respond to Defendants' motion to dismiss. Plaintiff specifically was advised that if he failed to respond, the action could be dismissed with prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b). Plaintiff did not respond to the Magistrate Judge's February

8, 2010 order. Accordingly, the Magistrate Judge recommended that the within action be dismissed pursuant to Rule 41(b). Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed *with prejudice* pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 30, 2010

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**